# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

JAWYAN BANKS, INDIVIDUALLY AND
ON BEHALF OF ALL WRONGFUL
DEATH BENEFICIARIES OF DWYAN
BANKS, DECEASED
    Plaintiff,

CIVIL ACTION NO. __1:21-cv-94-LG-JCG__

**V.**

SILVER SLIPPER CASINO VENTURE,
L.L.C.
    Defendant.

## DEFENDANT SILVER SLIPPER CASINO VENTURE, L.L.C.'S
## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. § 1446, Defendant Silver Slipper Casino Venture, L.L.C. (hereinafter "Silver Slipper") hereby removes this action from the Circuit Court of Hancock County, Mississippi to the United States District Court for the Southern District of Mississippi, Southern Division. In support of this Notice of Removal, Silver Slipper avers as follows:

1. On or about February 17, 2021, the Plaintiff, Jawyan Banks, individually and on behalf of all wrongful death beneficiaries of Dwyan Banks, Deceased, filed a Complaint against the Defendant Silver Slipper. That lawsuit was filed in the Circuit Court of Hancock County, Mississippi, and the Clerk assigned Civil Action No. 21-0025 to the matter. A certified copy of the State Court file including true and correct copies of the Summons and Complaint are attached hereto as Exhibit "A", and constitute the only process, pleadings, and orders that have been filed in this action.

1

2. The Defendant Silver Slipper received service of copies of the summons and complains in this action on March 1, 2021. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) as it is filed within thirty (30) days of service upon the Defendant Silver Slipper. Written notice of the filing of this notice is being served this date on all counsel of record. A true and correct copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Hancock County, Mississippi.

3. Pursuant to 28 U.S.C. § 1441(a), any civil action of which courts have original jurisdiction may be removed by a defendant to the district court of the United States for the district and division embracing the place where such action is pending.

4. This court has original jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between all parties properly joined and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. In this Complaint, Plaintiff pleads that at all times relevant and up until the time of his death, the Decedent, Dwyan Banks was an adult resident of Louisiana. Further, Plaintiff Jawyan Banks, pleads he is a resident of Louisiana acting individually and as the representative for, and on behalf of all wrongful death beneficiaries of the Decedent Dwyan Banks. At the time the action was commenced, Defendant Silver Slipper Casino Venture, L.L.C., was and now is, a Delaware Limited Liability Company registered as a foreign Limited Liability Company and authorized to do business in the State of Mississippi and is a wholly owned subsidiary of Full House Resorts, Inc. Full House Resorts, Inc. is a Delaware Corporation with its corporate offices located in Las Vegas, Nevada, and which is registered to do business in the State of Mississippi. As

such, there is complete diversity as the Plaintiff and Defendant are citizens of different states.

6. The amount in controversy exceeds the jurisdictional limit of $75,000.00, exclusive of interests and costs. To establish the amount in controversy this notice of removal needs only to include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (U.S. 2014). Further, "[e]vidence establishing the amount is required by 28 U.S.C. § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations." *Id*. at 554.

7. If the Plaintiff does not specify the numerical value of the damages claimed, the removing defendant must show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1407 (5th Cir. 1993). The Defendant may show the jurisdictional amount is met by "demonstrating that it is 'facially apparent' that the claims are likely above $75,000.00. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). "Actions for wrongful death will usually satisfy the threshold requirement, even in the absence of reference to a specific amount, provided the types of damages are sufficiently pled." *Crechale v. Carroll Fulmer Logistics Corp.*, 2020 WL 4927509 at *2 (N.D. Miss. 2020); *see also Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 67 (5th Cir. 2010).

8. The Plaintiff does not specify a numerical value for the damages they are seeking. However, the Complaint asserts an action for wrongful death and has pled the following damages: past physical pain, suffering, and discomfort; past mental anguish, aggravation, and annoyance; future physical pain, suffering, discomfort; future mental

anguish, aggravation, and annoyance; past medical expenses; past lost wages; future lost wages; property damage; loss of enjoyment of life; disability from working to earn an income; destruction of earning capacity; disability from engaging in recreation; and the wrongful death beneficiary has suffered the loss of love, affection, companionship, and society of the decedent, as well as human value of life or "hedonic damages." *See* Exhibit "A" Plaintiff's Complaint ¶ IX and X at pages 4-5. As such, it is "facially apparent" that the amount in controversy exceeds the jurisdictional limit for purposes of diversity jurisdiction.

9. After filing this Notice of Removal, Silver Slipper will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the Circuit Court of Hancock County, Mississippi in accordance with 28 U.S.C. § 1446(d).

10. True and correct copies of all process, pleadings, and orders served on the Defendant in the action pending in the Circuit Court of Hancock County, Mississippi are attached hereto as Exhibit "A".

11. By removing this action from the Circuit Court of Hancock County, Mississippi, Silver Slipper does not waive any defenses available to it.

12. By removing this action from the Circuit Court of Hancock County, Mississippi, Silver Slipper does not admit any of the allegations in Plaintiff's Complaint.

**WHEREFORE**, Silver Slipper Casino Venture, L.L.C. removes the above-styled action from the Circuit Court of Hancock County, Mississippi to the United States District Court for the Southern District of Mississippi, Southern Division.

**RESPECTFULLY SUBMITTED** this the 29th day of March 2021.

                                    **CURRIE JOHNSON & MYERS, P.A.**
                                    Attorneys for Silver Sipper Casino Venture, L.L.C

BY:   /s/ J. Henry Ros_____
         J. HENRY ROS, ESQUIRE
         Mississippi Bar Number 5668

**J. HENRY ROS, ESQUIRE**
Mississippi Bar No. 5668
**CURRIE JOHNSON & MYERS, P.A.**
925 Tommy Munro Drive, Suite H
Biloxi, Mississippi 39532
(228) 385-1010; (228) 385-1011 fax
hros@curriejohnson.com